UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 19-CV-20247-SMITH/LOUIS

SHAWNA MATONIS, an individual

      Plaintiff,
v.
CARE HOLDINGS GROUP, L.L.C., a
Delaware limited liability company, CARE
OPTIMIZE, LLC, a Delaware limited liability
company, JOSEPH N. DE VERA, P.A., a
Florida corporation, JOSEPH N. DE VERA,
an individual, BENJAMIN QUIRK, an
individual, JONATHAN SHIVERS, an individual,

      Defendants.

CARE OPTIMIZE, LLC, a Delaware limited
liability company,

      Counter-Plaintiff,

v.

SHAWNA MATONIS, an individual,

      Counter-Defendant.
_____/

### DEFENDANT/COUNTER-PLAINTIFF'S MOTION IN LIMINE

Defendants, Care Holdings Group, L.L.C., Care Optimize, LLC, Joseph N. De Vera, P.A., Joseph N. De Vera, Benjamin Quirk, and Jonathan Shivers (collectively, "Defendants"), pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, move *in limine* for an order, precluding Plaintiff Shawna Matonis ("Plaintiff") from presenting at trial evidence of, and arguments about, the damages that she allegedly sustained, stating:

## PRELIMINARY STATEMENT

Plaintiff has not taken any steps to prepare this case for trial.  She did not conduct any discovery whatsoever.  She did not take one deposition or propound one request for production.  She blew the deadlines in the Court's Scheduling Order, and she failed to comply with her obligations under the Federal Rules of Civil Procedure.  Despite all of that, she is pressing forward with this frivolous lawsuit, where she is seeking in excess of $10 million in actual damages and in excess of $100 million in punitive damages.  According to the Complaint, almost all of Plaintiff's alleged damages are reputational, consequential, and diminished goodwill.  Yet, she has not provided a single computation of any of the categories of damages.  She also has not identified an expert witness or produced an expert report.  And, she has not amended or supplemented her bare-bones Initial Disclosures, which she served almost a year ago.  The deadlines for Plaintiff to make these disclosures have long passed.  *See* Scheduling Order [DE 39].  Plaintiff must not be allowed to now ambush Defendants at trial.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure require parties to disclose "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).  A party who makes a disclosure must supplement or correct the disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other

parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Additionally, a party must identify all witnesses he or she expects to call (or may call) at trial, as well as all exhibits the parties expect to offer at trial at least thirty (30) days before trial unless the court orders otherwise. *See* Fed. R. Civ. P. 26(a)(3).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). It is well settled that Rule 37(c) of the Federal Rules of Civil Procedure mandates that the trial court sanction a party that fails to disclose information required under Rule 26(a) or (e). *See, e.g., City of Rome v. Hotels.com L.P.,* 549 Fed. App'x. 896, 905 (11th Cir. 2013) (affirming exclusion of evidence of damages based on failure to provide a sufficient computation of damages under Rule 26(a)); *Mee Indus.,* 608 F.3d at 1222 (same); *Goodman-Gables-Gould Co. v. Tiara Condo. Ass'n,* 595 F.3d 1203 (11th Cir. 2010) (affirming exclusion of evidence based on violation of Rule 26(a)(2)). "The sanction of exclusion [under Rule 37(c)(1)] is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Frasca v. NCL (Bahamas) Ltd.,* Case No. 12–20662–CIV, 2014 WL 695413, at *4 (S.D. Fla. Feb. 24, 2014) (internal quotation marks omitted). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *United States v. 29 Pre-Columbian & Colonial Artifacts from Peru,* Case No. 13–21697–CIV, 2015 WL 457860, at *2 (S.D. Fla. Feb. 3, 2015) (quoting *Mitchell v. Ford Motor Co.,* 318 Fed. App'x 821, 824 (11th Cir. 2009)).

I.  **Plaintiff must be precluded from introducing evidence of her alleged damages.**

Plaintiff filed her Amended Complaint [DE 6] on February 8, 2019, asserting five causes of action: false advertising under the Lanham Act, unfair competition, defamation *per se*, tortious interference, and declaratory relief. The Complaint seeks a whopping $10 million in compensatory damages and more than $100 million in punitive damages. On March 14, 2019, Plaintiff served her Initial Disclosures, identifying several types of damages, including consequential damages, reputational harm, and loss of goodwill. Plaintiff, however, failed to provide even a single computation for any of these categories or produce a single document on which any such computation is based. Plaintiff *never* supplemented her Initial Disclosures nor did she produce a single document setting forth any computation of damages. Plaintiff also failed to identify an expert witness, despite the fact that the damages Plaintiff seeks require expert testimony. *See Mee Indus.*, 608 F.3d at 1222 (stating that "required computation of alleged goodwill damages and the complexity of the financial calculations would have required expert testimony").

There is no justification for Plaintiff's failure. The resulting prejudice to Defendants would be irreparable and inexcusable. The Eleventh Circuit has held that excluding damages claims is entirely proper and justified in situations precisely like the one here:

> "The district court did not abuse its broad discretion in rebuffing Mee's belated effort to introduce a new category of damages, especially in light of its failure to ever present the required computation of alleged good will damages and the complexity of the financial calculations that would have required expert testimony . . . ."

*Mee Indust.*, 608 F.3d at 1222. Accordingly, Plaintiff should be precluded from presenting any evidence of, and arguments about, her alleged damages.

**CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court enter an order, precluding Plaintiff from presenting evidence of, and arguments about, her alleged damages.

> Respectfully submitted,
>
> THE FERRO LAW FIRM, P.A.
> 1 ALHAMBRA PLAZA, SUITE 1225
> CORAL GABLES, FLORIDA 33134
> TEL. (305) 984-8892
> EMAIL. SIMON@THEFERROFIRM.COM
>
> BY: /s/ *Simon Ferro*
>      SIMON FERRO
>      FLORIDA BAR NO. 37014

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 28, 2020, I caused the foregoing document to be filed with the Clerk of the Court *via* CM/ECF. I also certify that the foregoing document is being served this day on all parties and/or counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

> /s/ *Simon Ferro*
>     SIMON FERRO