UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 19-CV-20247-SMITH/LOUIS

SHAWNA MATONIS, an individual

   Plaintiff,

v.

CARE HOLDINGS GROUP, L.L.C., a
Delaware limited liability company, CARE
OPTIMIZE, LLC, a Delaware limited liability
company, JOSEPH N. DE VERA, P.A., a
Florida corporation, JOSEPH N. DE VERA,
an individual, BENJAMIN QUIRK, an
individual, JONATHAN SHIVERS, an individual,

   Defendants.

CARE OPTIMIZE, LLC, a Delaware limited
liability company,

   Counter-Plaintiff,

v.

SHAWNA MATONIS, an individual,

   Counter-Defendant.
_____/

### DEFENDANTS' MOTION TO STRIKE OR, ALTERNATIVELY, FOR LEAVE TO EXCEED PAGE LIMIT

  Defendants, Care Holdings Group, L.L.C., Care Optimize, LLC, Joseph N. De Vera,

P.A., Joseph N. De Vera, Benjamin Quirk, and Jonathan Shivers (collectively, "Defendants"),

hereby move to strike Plaintiff's Response (DE 54) in opposition to Defendants' Motion in

Limine (DE 52), stating:

THE FERRO LAW FIRM
ATTORNEYS AT LAW
1 ALHAMBRA PLAZA ‖ SUITE 1225 ‖ CORAL GABLES, FLORIDA ‖ 33134

## PRELIMINARY STATEMENT

Plaintiff has failed to comply with her obligations under the Federal Rules of Civil Procedure.  Plaintiff ignored all of the deadlines in the Court's trial order (DE 39).  She has now also failed to comply with the Court's trial order, limiting her response to Defendants' motion in limine to one page per issue.  Plaintiff filed an 8-page response as well as a 2-page declaration by Jonathan Pollard, Esq., Plaintiff's counsel.  Plaintiff's continued disregard for the Federal Rules and the Court's orders should not be allowed, especially in a case where she is seeking a whopping $10 million in compensatory damages and $100 million in punitive damages.

## BACKGROUND

1. On November 15, 2019, the Court issued its trial order. (DE 39).

2. Paragraph 11 of the trial order limits motions in limine and responses thereto to one page per issue.

3. On February 28, 2020, Defendants filed a motion in limine and complied with the one-page per issue limitation.  (DE 52).

4. On March 13, 2020, Plaintiff filed a response in opposition to Defendants' motion in limine.  (DE 54).

5. Plaintiff ignored the trial court's 1-page per issue limit and, instead, filed an 8-page response coupled with a 2-page declaration from her attorney, Jonathan Pollard, Esq.

## MEMORANDUM OF LAW

I.     **The Court should strike Plaintiff's response and grant Defendants' motion in limine.**

A court "may impose sanctions for litigation misconduct under its inherent power," including the striking of pleadings.  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
1 ALHAMBRA PLAZA ‖ SUITE 1225 ‖ CORAL GABLES, FLORIDA ‖ 33134

2

F.3d 1298, 1306-07 (11th Cir. 2009).  Such powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (citation and internal quotation marks omitted).  Under its inherent powers, a court can sanction an attorney, a party, and the attorney's law firm for bad faith litigation conduct.  *Id.*

"The key to unlocking a court's inherent power is a finding of bad faith."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).  Bad faith is established "when a court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order."  *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1335 (S.D. Fla. 2007) (quotation marks and citations omitted).  A party demonstrates bad faith by, *inter alia,* delaying or disrupting the litigation or hampering enforcement of a court order.  *Eagle Hospital Physicians, LLC*, 561 F.3d at 304.

"Sanctions authorized under the court's inherent power include the striking of frivolous pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of attorneys' fees and costs, and outright dismissal of a lawsuit."  *Bernal*, 479 F. Supp. 2d at 1335.  The sanction of striking pleadings under a court's inherent authority is appropriate when there is: (1) a clear record of delay or bad faith; and (2) a finding that lesser sanctions are inadequate.  *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1306.   A primary aspect of the court's discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.  *Allapattah Services, Inc. v. Exxon Corp.,* 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005).

Plaintiff has repeatedly flouted her obligations under the Federal Rules of Civil Procedure.  Plaintiff ignored every single deadline in the Court's trial order.  She has now also ignored the Court's directive, limiting her response to Defendants' motion in limine to one page per issue.  Plaintiff's repeated violations warrant the imposition of sanctions, including the striking of her response.

**II.**      **Alternatively, Defendants respectfully request that the Court grant them leave to file in excess of the one-page limitation.**

The Court has broad discretion in enforcing and amending its orders.  *See Durr v. Adams Bevs., Inc.*, 710 F. App'x 358, 360 (11th Cir. 2017) (noting that "district  courts have the power to manage their dockets" which includes "the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation" and decisions pursuant to this authority are reviewed for abuse of discretion).  As noted above and in Defendants' reply in support of their motion in limine (DE 55), Plaintiff has repeatedly failed to comply with the Federal Rules and the Court's trial order and, therefore, her 8-page response should be stricken and Defendants' motion in limine granted.  In the event that the Court allows Plaintiff's response, Defendants respectfully request leave to exceed the one-page limit in their reply.

**CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court enter an order striking Plaintiff's response and granting Defendants' motion in limine.  Alternatively, Defendants respectfully request leave to exceed the one-page limit in their reply brief.

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
1 ALHAMBRA PLAZA ‖ SUITE 1225 ‖ CORAL GABLES, FLORIDA ‖ 33134

4

## CERTIFICATE OF COMPLIANCE WITH LR 7.1

On March 20, 2020, undersigned counsel conferred with counsel for Plaintiff regarding the relief requested herein but was unable to do so. Defendants will update the instant certificate once Plaintiff's counsel responds.

Respectfully submitted,

**THE FERRO LAW FIRM, P.A.**
1 ALHAMBRA PLAZA, SUITE 1225
CORAL GABLES, FLORIDA 33134
TEL. (305) 984-8892
EMAIL. SIMON@THEFERROFIRM.COM

BY: /s/ *Simon Ferro*
SIMON FERRO
FLORIDA BAR NO. 37014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 20, 2020, I caused the foregoing document to be filed with the Clerk of the Court *via* CM/ECF. I also certify that the foregoing document is being served this day on all parties and/or counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/      *Simon Ferro*
SIMON FERRO