UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| SHAWNA MATONIS, an individual,<br><br>*Plaintiff,*<br>v.<br><br>CARE HOLDINGS GROUP, L.L.C., a Delaware limited liability company, CARE OPTIMIZE, LLC, a Delaware limited liability company, JOSEPH N. DE VERA, P.A., a Florida corporation, JOSEPH N. DE VERA, an individual, BENJAMIN QUIRK, an individual, JONATHAN SHIVERS, an individual,<br><br>*Defendants,*<br><br>CARE OPTIMIZE, LLC, a Delaware limited liability company,<br><br>*Counter-Plaintiff,*<br>v.<br><br>SHAWNA MATONIS,<br><br>*Counter-Defendant.* | **CASE NO: 1:19-cv-20247-RS** |

### PLAINTIFF/COUNTER-DEFENDANT SHAWNA MATONIS'S RESPONSE IN OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO STRIKE OR, ALTERNATIVELY, TO EXCEED PAGE LIMIT

Plaintiff/Counter-Defendant Shawna Matonis, through her undersigned counsel files this Response in Opposition to Defendant/Counter-Plaintiff's Motion to Strike or, Alternatively, to Exceed Page Limit (DE 56) ("Motion to Strike") and in support states:[1]

---

[1] Plaintiff/Counter-Defendant Shawna Matonis is "Plaintiff" or "Matonis". Care Holdings Group, L.L.C., CareOptimize, LLC, Joseph N. De Vera, Joseph N. De Vera, P.A., Benjamin Quirk, and Jonathan Shivers are collectively "Defendants."

I. **Introduction**

Defendants' "Motion in Limine" (DE 52) did not challenge the admissibility or evidentiary value of Plaintiff's damages evidence. Despite its title, that motion sought to exclude Matonis' damages evidence solely as a sanction and cited Rule 37 as justification. Matonis responded in kind to what in reality was a motion for sanctions and addressed each relevant factor for the application of Rule 37. Defendants' Motion to Strike doubles down on the position that Document 52 was a motion in limine and asks this Court to utilize its inherent authority to strike Plaintiff's response and leave their motion unopposed. Plaintiff's response was proper under the law and there is no basis for these sanctions.

II. **Memorandum of Law**

   A. Standard

The sanction of striking pleadings under a court's inherent authority is only appropriate when there is: (1) a clear record of delay or bad faith, and (2) a finding that lesser sanctions are inadequate. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d at 1208 1306 (11th Cir. 2009). Bad faith requires a finding by the Court that "a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Bernal v. All Am. Inv. Realty, Inc.,* 479 F. Supp. 2d 1291, 1335 (S.D. Fla. 2007) (quotation marks and citations omitted).

   B. **Matonis' Response in Opposition to the Motion in Limine was Proper**

Matonis was required to address the substance of Defendants' Motion in Limine (DE 52) regardless of how it was styled. *See Collins v. Foster*, 2010 WL 2754329, at *2 (S.D. Fla. July 12, 2010) ("The style of a motion is not controlling; instead, a court should consider the substance of

2

the motion.") (citing *Fincher v. City of Vernon,* 845 F.2d 256, 258–259 (11th Cir.1988)). The exclusion of evidence as a sanction is not the proper subject of a motion in limine. *See, e.g., Chavez v. Arancedo*, 2018 WL 4599585, at *5 (S.D. Fla. Sept. 24, 2018) (declining to exclude evidence in connection with a motion in limine and holding that the matter should be resolved separately under Rule 37). Because of this, Matonis treated the so-called motion in limine as the motion for sanctions under Rule 37 that it is. This Court never intended to limit Matonis's response to a Rule 37 motion for sanctions to one page. Considering the severity of the sanctions sought and the multi-factor analysis required, such a limitation would have unduly prejudiced Plaintiff and her ability to appropriately analyze the issue in her response.

Nevertheless, Defendants' now argue that the Court should strike Matonis's Response in Opposition under its inherent authority. But there has been no showing of bad faith by Matonis at any point during this litigation, let alone in her exceeding the one-page limit intended to apply to motions in limine. Plaintiff's response to the misstyled Motion cannot warrant any sanctions, let alone those of the nature sought by Defendants. Matonis takes all Court rules seriously, which is why she addressed that the Motion was incorrectly labelled in her response and provided legal support for her position. DE 54 at 3. The suggestion that she has committed a fraud on the court or demonstrated a disregard for this Court's rules is false. No matter how many times Defendants claim otherwise, any consequences of their failure to propound discovery or otherwise prepare their case for trial are not the result of Matonis engaging in improper conduct.  They are the results of choices made by Defendants during the course of this litigation and do not entitle them to sanctions.

### C. Matonis Does not Object to Defendants' Alternative Relief

Defendants' alternatively argue that they should be allowed to file a reply in excess of one page. As a threshold matter, Defendants' had already filed a Reply in Support of their Motion in Limine *which exceeded* one page prior to filing their Motion to Strike. *See* DE. 55. Matonis supports the Parties being fully heard on their positions and has no objection to the Court considering the contents of Defendants' Reply When resolving that Motion. Defendants did not argue why any additional briefing is necessary.

WHEREFORE, Defendants' Motion to Strike Plaintiff's Response in Opposition to Defendants' Motion in Limine should be denied.

Dated: April 3, 2020

Respectfully submitted,

By: s/ *Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

**Pollard PLLC**
100 SE 3rd Ave., Suite 601
Fort Lauderdale, FL 33394
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff/Counter-Defendant Shawna Matonis*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via CM/ECF to all counsel of record in this action on this 3rd day of April 2020.

By: s/ *Jonathan Pollard*
Jonathan E. Pollard